UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>JAMES EDWARD PENDER,<br>　　　　Defendant. | No. 2:11-cr-00447<br><br>**OPINION &<br>ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court by way of Defendant James Edward Pender a/k/a Jabbar Pender's ("Defendant") Motion for Reduction of Sentence and Compassionate Release under the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A). ECF No. 158, "Def. Br." The Government opposed Defendant's Motion (ECF No. 166, "Gov. Br.") and Defendant replied (ECF No. 168).[1] For the reasons set forth below, Defendant's motion is **DENIED**.

**I.　BACKGROUND**

On June 23, 2011, Defendant and three co-defendants were charged by Indictment with participating in a conspiracy to distribute heroin. ECF No. 38. These charges arose out of Defendant and his co-conspirator's participation in a heroin distribution ring. *See* U.S. Probation Presentence Investigation Report ("PSR") ¶¶ 13, 20. During the investigation, law enforcement officers seized approximately seven kilograms of heroin and over $400,000 in narcotics proceeds. *Id.* ¶ 13. On June 5, 2012, Defendant pleaded guilty to the conspiracy charge (Count One of the Indictment). ECF Nos. 80, 82. The PSR included a four-level increase for Pender's role as an organizer or leader (PSR ¶ 74), and concluded that Defendant was a "career offender" because of

---

[1] The Court requested additional medical records as to Defendant's vaccination status on May 10, 2022. ECF No. 175. Defendant's vaccination records were provided on May 17, 2022. ECF No. 176.

two predicate violent felonies (*id.* ¶¶ 109, 117, 124).[2]  These prior felonies resulted from Defendant's involvement as the getaway driver in a 1993 armed bank robbery, which included a thirty-mile car chase with approximately twenty police cars and concluded in a shootout with police. *Id.* ¶¶ 113–14, 118, 121.

On October 2, 2012, the Honorable William H. Walls sentenced Defendant to 292 months of imprisonment, followed by five years of supervised release. ECF No. 88. This sentence was at the bottom of the advisory Guidelines range (ECF No. 158-6 at 6), and was affirmed by the Third Circuit (*United States v. Pender*, 537 F. App'x 102 (3d Cir. 2013)). In February 2021, the undersigned[3] granted Defendant's motion requesting a reduction in his sentence from 292 to 262 months of imprisonment under 18 U.S.C. § 3582(c)(2) based on a guideline sentencing range that was subsequently lowered and made retroactive by the United States Sentencing Commission. ECF No. 162.

Defendant is currently incarcerated at FCI Fort Dix in New Jersey. Def. Br. at 2. He seeks compassionate release or a reduction in his sentence to time served (or another lesser sentence) due to the COVID-19 pandemic, his preexisting medical conditions, and his rehabilitation. *See id.* at 4–5. Specifically, Defendant argues that he is at a high risk of severe illness or death from COVID-19 because he suffers from obesity, hypertension, sleep apnea, and diabetes.[4] *Id.* at 4. In addition, Defendant argues that FCI Fort Dix's "staggering COVID-19 outbreak" during the

---

[2] At Defendant's sentencing, Judge Walls concluded that the four-level increase was "justified by the evidence" (ECF No. 158-5 at 55:18–22) and determined Defendant was a career offender (*id.* at 56:2–7).

[3] The matter was reassigned to the undersigned on January 6, 2020. ECF No. 152.

[4] The Government contends that Defendant does not have diabetes, but prediabetes. Further, the Government argues that Defendant's "medical records make no mention" of sleep apnea, and that sleep apnea is not included in the Center for Disease Control's list of risk factors for COVID-19. Gov. Br. at 3 n.1. Regardless, the Court has considered all of Defendant's asserted medical conditions.

pandemic created unsafe prison conditions and put him at increased risk of exposure to the virus. *Id.* at 2–3. Defendant also argues that his rehabilitative programming and his lack of a disciplinary violation over the course of his time in custody demonstrate his "full and unconditional rehabilitation." *Id.* at 5, 24, 34–37.[5]

## II. LEGAL STANDARD

A defendant seeking modification of his imprisonment term under the FSA "bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *United States v. Alexander*, No. 19-cr-32, 2020 WL 2507778, at *3 (D.N.J. May 15, 2020) (quoting *United States v. Sellers*, No. 10-434, 2020 WL 19728862, at *1 (D.N.J. Apr. 24, 2020) (citing 18 U.S.C. § 3582(c)(1)(A))). "Before granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) . . . ." *United States v. Dwayne Gary, A/K/A "Wheezy,"*, No. 24-1777, 2024 WL 3688528, at *2 (3d Cir. Aug. 7, 2024) (citing 18 U.S.C. § 3582(c)(1)(A)).

## III. DISCUSSION

### A. Exhaustion Requirement

The Government concedes that Defendant exhausted his administrative remedies under § 3582(c)(1)(A). Gov. Br. at 3 ("[T]he government agrees . . . that [Defendant] therefore has satisfied the administrative exhaustion requirement . . . ."). Accordingly, the Court turns to the merits of Defendant's argument.

---

[5] The Court has also considered Defendant's various submissions, including medical and family updates, along with a letter from Defendant's daughter. ECF Nos. 159, 163, 176–78, 190, 193, 195, 206–07, 220.

3

B.     **Extraordinary and Compelling Reasons**

A district court may modify a term of imprisonment if it determines that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Although a district court "can make its own independent determination as to extraordinary and compelling reasons when the defendant moves for compassionate release," the Sentencing Commission's statements concerning medical conditions and compassionate release provide useful guidance. *United States v. Andrews*, 480 F. Supp. 3d 669, 676–77 (E.D. Pa. 2020), *aff'd*, 12 F.4th 255 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022). The Sentencing Commission advises that a court may find extraordinary and compelling reasons for release based on a medical condition where (1) "[t]he defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory), or (2) he is "suffering from a serious physical or medical condition," "a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process," "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sent'g Guidelines Manual § 1B1.13(b) (U.S. Sent'g Comm'n 2023).

1.     **COVID-19 and Defendant's Underlying Conditions**

Defendant argues his sentence should be modified because his health conditions, which include obesity, hypertension, sleep apnea, and diabetes, put him at increased risk of severe illness or death from COVID-19 during his time incarcerated at FCI Fort Dix. Def. Br. at 4, 37–38.

However, the Third Circuit has instructed that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597

4

(3d Cir. 2020); *see also United States v. Hegyi*, No. 17-82, 2020 WL 7090710, at *2 (N.D. Ind. Dec. 4, 2020) ("[T]he presence of COVID-19 in a prison, even in large numbers, does not justify compassionate release on its own."). Moreover, when the influx of cases was occurring, the "increased infection rate reflect[ed] a surge of positive cases in American society as a whole due to the Omicron variant; such surges are not limited to BOP facilities." *United States v. Grant*, No. 90-328, 2022 WL 170860, at *8 (D.N.J. Jan. 19, 2022).

The Defendant claims he has preexisting medical conditions—obesity, diabetes, hypertension/high blood pressure, and sleep apnea—which may result in an increased risk of complication from COVID-19. Def. Br. at 37. However, since the filing of his motion, Defendant has been vaccinated. ECF No. 176. Courts in the Third Circuit "consistently agree that an FDA-approved vaccination against COVID-19 lessens the risk of serious illness or death from COVID-19 such that the threat of the pandemic, even combined with preexisting medical conditions, does not constitute an extraordinary and compelling reason for compassionate release." *United States v. Hannigan*, No. 19-cr-373, 2022 WL 815449, at *15 (E.D. Pa. Mar. 17, 2022); *see also United States v. Bess*, No. 16-cr-522, 2021 WL 5277201, at *3 (D.N.J. Nov. 12, 2021) (collecting cases that find vaccination mitigates the risks of COVID-19).

Additionally, Defendant has contracted COVID-19 twice, and does not indicate any complications that occurred during his recovery from the illness. ECF No. 176; *see United States v. Jefferson*, No. 21-2020, 2021 WL 4279626, at *2 (3d Cir. Sept. 21, 2021) (affirming denial of compassionate release where defendant "contracted and recovered from COVID-19 and had been vaccinated" making his "case for release based on the covid threat much less compelling than it had been initially" (citation omitted)); *United States v. Wandell*, No. 21-3051, 2022 WL 1535276, at *1 (3d Cir. May 16, 2022) (affirming denial of compassionate release where defendant's "risk

5

of facing serious health consequences is substantially mitigated, having already contracted [COVID-19] and paired with the wide availability of the FDA-approved vaccination" (citation omitted, alteration in original)). Therefore, Defendant's underlying medical conditions and the COVID-19 pandemic do not constitute extraordinary and compelling reasons for release.

### 2. Rehabilitation

Defendant next argues that his rehabilitative programming and lack of a disciplinary violation during his current period of confinement demonstrate that his rehabilitation is "extraordinary, compelling, and complete." Def. Br. at 34–37. Further, Defendant argues that a sentence longer than time-served would undermine his rehabilitative efforts, especially since he contends that the BOP suspended rehabilitative programming during the pandemic. *Id.*

Rehabilitation of the defendant may be considered in evaluating compassionate release petitions. *See, e.g.*, *United States v. Paz*, No. 91-172, 2020 WL 3958481, at *4 (D.N.J. July 10, 2020) (finding "admirable rehabilitation" to be one of many factors comprising defendant's extraordinary and compelling reasons for compassionate release). However, Congress has provided that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Therefore, rehabilitation may not constitute the sole reason for modifying a sentence. *See id.*

The Court has examined Defendant's rehabilitative programming, including his many hours spent in classes such as "Cook Apprenticeship" and "Business Educ[ation]." ECF No. 158-18. The Court acknowledges Defendant's ongoing rehabilitative efforts, including his lack of a disciplinary record and his remorse for his actions. However, pursuant to 28 U.S.C. § 994(t), the Court finds that Defendant's steps towards rehabilitation are insufficient to constitute an extraordinary and compelling reason for release. *See United States v. Bishara*, No. CR 19-496,

2023 WL 4487766, at *3 n.5 (D.N.J. July 12, 2023) ("Defendant's rehabilitative efforts, standing alone, are insufficient to justify compassionate release.").

### 3. Combination of Circumstances

Defendant argues that even if his medical conditions or rehabilitation alone do not rise to the level of extraordinary and compelling reasons, when taken together with his personal history and the "peculiar nature of his 'career offender' status," they combine to support compassionate release. ECF No. 168 at 6–7.

The Court recognizes that a "combination of . . . circumstances may rise to the level of 'extraordinary and compelling.'" *United States v. Spencer*, 519 F. Supp. 3d 200, 206 (E.D. Pa. 2021). However, the Third Circuit already affirmed Judge Walls's determination that Defendant was a career offender. *See United States v. Pender*, 537 F. App'x 102, 105 (3d Cir. 2013). And although Defendant's personal history since childhood was noted by Judge Walls to be "chaotic" and perhaps even "pathetic" (ECF No. 158-5 at 19:1–8), it does not present an extraordinary and compelling reason for release, even in conjunction with his other circumstances. *See United States v. Mathis*, No. 2:10-CR-00019, 2022 WL 17592066, at *6 (W.D. Pa. Dec. 13, 2022) (declining to find "childhood trauma," when "considered in isolation or in conjunction" with other circumstances, sufficient to establish extraordinary and compelling circumstances), *aff'd*, No. 23-1005, 2023 WL 2300389 (3d Cir. Mar. 1, 2023); *United States v. Barnes*, No. CV 18-139, 2022 WL 4133342, at *4 (W.D. Pa. Sept. 12, 2022) ("[A]s to Defendant's mental and emotional health conditions, the Court previously considered the impact of his reported traumatic childhood experiences when fashioning the instant sentence.").

### C. 18 U.S.C. § 3553(a) Factors

Notably, even if the Court finds extraordinary and compelling reasons that could warrant modification of Defendant's term of imprisonment, it must also consider the § 3553(a) factors "to the extent that they are applicable" to determine whether a sentence modification is appropriate. *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. § 3553(a)(1)), as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," (18 U.S.C. § 3553 (a)(2)(A)–(C)), and "avoid unwarranted sentence disparities" (18 U.S.C. § 3553 (a)(6)).

Here, Judge Walls imposed a 292-month prison sentence, at the bottom of the Sentencing Guidelines range of 292 to 365 months' imprisonment. ECF No. 158-5 at 56–57, 61. In finding this sentence was appropriate, the Court recognized the nature and circumstances of Defendant's offense (*id.* at 41); Defendant led a conspiracy to traffic heroin (*id.* at 26–28). During the investigation into Defendant and his co-conspirators, law enforcement officers seized approximately seven kilograms of heroin and over $400,000 in narcotics proceeds. PSR ¶ 13. During sentencing, the Court noted how odious heroin trafficking was to the interest of society and the damage it did to families across all backgrounds. *Id.* at 20:4–15. Defendant's sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "avoid[s] unwarranted sentence disparities." 18 U.S.C. § 3553(a)(2)(A), (a)(6). Thus, these factors do not weigh in favor of altering the Court's prior sentence. *See United States v. China*, No. CR 15-0203-02, 2021 WL 2472325, at *4 (D.N.J. June 16, 2021) (denying compassionate release and finding

the nature and circumstances of the offense weigh against release because "distributing and conspiring to distribute large amounts of heroin . . . is a serious crime deserving of severe punishment").

The Court also considered the history and characteristics of the Defendant. *See, e.g.*, ECF No. 158-5 at 17, 19, 33–34. The Court emphasized that his decision to sell heroin *during his period of supervised release* was a factor weighing against a lesser sentence. *Id.* at 13:15–20, 18:17–20. Defendant was on supervised release because of his previous crime—a bank robbery, during which Defendant was the getaway driver, that ended in a car chase and a shootout with police, resulting in a severe threat to the public. *Id.* at 4:22–6:9, 12:24–13:1. Therefore, the history and characteristics of the Defendant also weigh against granting release. *See United States v. Fofana*, No. CR 19-686, 2021 WL 2411297, at *5–6 (D.N.J. June 14, 2021) (denying compassionate release where, *inter alia*, the defendant "repeatedly violated the terms imposed on him" and failed to "conform his conduct to the requirements of supervision").

The Court contemplated specific and general deterrence when fashioning Defendant's sentence, noting that Defendant's prior 111-month sentence did not serve to deter him from future criminality. *Id.* at 37:10–38:6. The Court also found that a substantial punishment was necessary as a "deterrent to others who might seek to follow in [Defendant's] criminal footsteps." *Id.* at 60:3–13; *see also United States v. Stevenson*, No. CR 16-189, 2021 WL 8471333, at *4 (W.D. Pa. Jan. 22, 2021) (denying compassionate release where the defendant was involved with heroin trafficking, in part because the "sentence provides general deterrence to others"), *aff'd*, No. 21-1225, 2022 WL 832051 (3d Cir. Mar. 21, 2022). Accordingly, the Court finds that a reduction in Defendant's sentence is not warranted under the § 3553(a) factors.

9

## IV. CONCLUSION

Therefore, based on the record and the parties' arguments, in addition to a review of § 3582(c)(1)(A) and the § 3553(a) factors, and having taken into consideration Defendant's medical conditions and circumstances of his custody, the Court finds that Defendant has not demonstrated extraordinary and compelling reasons for his release, and moreover finds that even if he had made such a showing, release would still be inconsistent with the § 3553(a) factors. Accordingly, Defendant's motion will be denied without prejudice.

**IT IS** on this 19th day of August, 2024,

**ORDERED** that Defendant's motion for compassionate release and reduction of sentence (ECF No. 158) is **DENIED** without prejudice.

**SO ORDERED**.

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**